IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| EARL WASHINGTON, JR., ) | CIVIL ACTION NO. 3:02CV00106 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| KENNETH H. BURAKER, CHARLES ) | MEMORANDUM OPINION |
| JONES, HARLAN LEE HART, GARY L. ) | |
| CLOSE, TERRY SCHRUM, CURTIS ) | |
| REESE WILMORE, LUTHER COX, ) | |
| DENNY A. ZEETS, TOWN OF ) | |
| CULPEPER, VIRGINIA, ) | |
| FAUQUIER COUNTY, VIRGINIA, ) | |
| MARY L JONES, Personal Representative ) | |
| of the Estate of C. B. Jones. ) | |
| ) | |
| Defendants. ) | JUDGE NORMAN K. MOON |

The Court has before it Defendant Curtis Reese Wilmore's ("Wilmore") Motion for Partial Reconsideration, filed July 7, 2004, Plaintiff Earl Washington Jr.'s ("Washington") Motion for Partial Reconsideration, filed July 7, 2004, and Washington's Motion to Preserve the October 25, 2004 Trial Date and Certify Wilmore's Appeal as Frivolous, filed July 7, 2004. Each of these motions is made in response to this Court's June 23, 2004 Memorandum Opinion and Order granting in part in denying in part several earlier motions for summary judgment.

**A) Neither Wilmore nor Washington has established grounds for this Court to amend its earlier judgment**

Both Wilmore and Washington move to reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Fourth Circuit Court of Appeals has recognized three grounds for

1

amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998). "Rule 59(e) motions may not be used ... to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*

In the Court's June 23, 2004 Memorandum Opinion and Order the Court found that Washington had introduced sufficient evidence to create question of material fact with regard to the issue of whether Wilmore fabricated evidence against Washington.[1] Wilmore argues that the Court's June 23d Order contains clear errors of law, and states that the only issue on appeal "is whether, in response to a general question concerning the confession on direct examination, Wilmore had a duty under the Constitution to voluntarily disclose that he had asked a leading question of Washington regarding the shirt." [Wilmore's Motion to Reconsider at 2-3.] As the Court stated in its June 23d Opinion, however, "Washington's fabrication claim is based on evidence that his confession included nonpublic facts. Washington does not contend that the use of leading questions violates a suspect's rights. The concern, rather, is that Wilmore and Hart later claimed that nonpublic information originated from Washington." In other words, the potential constitutional violation is that Wilmore falsely claimed that Washington had volunteered nonpublic information, not that Wilmore failed to disclose that he had asked a

---

[1] Though in his brief Washington also argues that Wilmore's Motion for Reconsideration was not timely filed, at the hearing on this motion Washington conceded that Wilmore's motion was timely filed. Accordingly, the Court will not address the timeliness argument in this Opinion.

2

leading question. Because Wilmore's presumed failure to disclose that he had asked leading questions did not form the basis of this Court's June 23d Opinion, Wilmore's Motion to Reconsider shall be denied.

Washington, in his Motion to Reconsider, requests this Court to reverse its decision granting summary judgment on the fabrication of evidence claim against Harlan Lee Hart. Washington merely reiterates the same arguments the Court previously considered in relation to Hart's motion for summary judgment. Because Washington has introduced no additional law or evidence, and has not established any clear error of law, there are no grounds for this Court to reconsider its June 23, 2004 Opinion with regard to Hart. *See Pac. Ins. Co.*, 148 F.3d at 403. Accordingly, Washington's Motion to Reconsider shall be denied.

**B)    The Court does not deem Wilmore's appeal to be frivolous**

Washington also urges the Court to deem Wilmore's appeal of the Court's June 23, 2004 Memorandum Opinion and Order to be frivolous. For the reasons stated in Wilmore's opposition papers, the Court finds that Wilmore's appeal with regard to the question qualified immunity is not frivolous.

Washington also argues that Wilmore's appeal based on the *Rooker-Feldman* doctrine is frivolous. This Court has not yet ruled on the *Rooker-Feldman* issue, and has not certified this issue for interlocutory appeal. Wilmore does not contend that this issue has been decided or should be certified for appeal, instead Wilmore argues that this issue is jurisdictional and can be raised at any time, including being raised before Fourth Circuit in the context of their appeal on the issue of qualified immunity. The question of whether the *Rooker-Feldman* is properly raised in the context of Wilmore's appeal should be argued before the Fourth Circuit.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

ENTERED: _____
U.S. District Judge

July 28, 2004
Date