CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 04 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| EARL WASHINGTON, JR., <br><br> *Plaintiff,* <br><br> v. <br><br> KENNETH H. BRURAKER, ET AL., <br><br> *Defendants.* | CIVIL ACTION NO. 3:02-CV-00106 <br><br> <u>MEMORANDUM OPINION</u> <br><br> JUDGE NORMAN K. MOON |

This matter comes before the Court on an appeal from an Order of Magistrate Judge B. Waugh Crigler permitting three additional hours of deposition of Harlan Lee Hart. Plaintiff originally styled his motion as one to continue the deposition "up to the seven-hour limit" pursuant to Rule 30(d)(2) of the Federal Rules of Civil Procedure. Judge Crigler rejected this styling, however, and took the motion as one for additional discovery under Rule 26(b). Judge Crigler granted the motion subject to certain conditions, including a three (3) hour time limit and Plaintiff's reimbursement of certain costs to the opposing parties. This appeal was filed on July 1, 2005.

28 U.S.C. 636(b)(1)(A) provides that upon a magistrate's ruling on a pretrial matter, a district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." This Court therefore reviews the Magistrate Judge's decision allowing a limited further deposition of Hart for clear error.

Defendants argue that the Magistrate Judge's decision is erroneous because he does not have discretion to grant further discovery under these circumstances. Plaintiff's request is essentially a request for a second deposition under Rule 30(a)(2)(b), which provides that a court shall rule on it "consistent with the principles stated in Rule 26(b)(2)." Rule 26(b)(2), which imposes limitations upon discovery requests, provides that "[t]he frequency or extent of use of the discovery methods . . . *shall be limited* by the court if it determines" that certain conditions exist, including that "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought." Fed. R. Civ. P. 26(b)(2)(ii) (emphasis added). Defendants argue that here, Plaintiff did indeed have ample opportunity to obtain the information sought, and that therefore Judge Crigler did not have discretion to allow the second deposition.

This Court does not dispute Defendants' claim that Plaintiff did have ample opportunity during the original deposition to obtain the information it now seeks, in satisfaction of Rule 26(b)(2)(ii). Plaintiff concedes that the original deposition of Hart did not take up the full seven hour limit. Further, the issues that Plaintiff now proposes to pursue in its second deposition were ripe for exploration at the time of the initial deposition. Plaintiff asserts that he needs to ask Hart about the following topics: (1) his and Wilmore's communications with the trial posecutor regarding Washington's interrogation and "confession"; (2) any nonpublic information investigators developed during the course of the investigation; (3) the issue of causation; and (4) Hart's version of his and Wilmore's discussion of Washington's confession with Commonwealth's Attorney John Bennet prior to trial. Although Plaintiff asserts that none of these issues has yet been addressed, his argument begs the question why they could not have been addressed during the original deposition. Plaintiff had the opportunity to depose Hart

2

without limitation during the general discovery period. Hart's deposition testimony at that time was not restricted in any form. Nevertheless, during the initial deposition Plaintiff only chose to depose for approximately four hours, well short of the seven hour limit. Today, there is no indication that Plaintiff has discovered new factual information unavailable to him at the first deposition, thereby requiring further discovery. Indeed, the only "new" information is not factual, but tactical—it has become much more important for Plaintiff to focus on Wilmore's alleged misdeeds given the dismissal of other defendants. This For this reason, Plaintiff did indeed have "ample opportunity" to obtain information its information during the initial deposition

Despite this fact, the Court does not agree with Defendants' assertion that Rule 26(b)(2) mandates a complete *prohibition* of a second deposition in these circumstances. Rather, Rule 26(b)(2) mandates that where there has been ample opportunity to obtain the information sought, the frequency or use of a particular discovery method "shall be *limited* by a court." Here, "limited" is the critical word. It cannot be contested that the Magistrate Jusge, by imposing conditions on the second deposition, did formally "limit" that deposition. Specifically, the Magistrate Judge imposed a three hour time limit; he limited the scope to topics described in Plaintiff's brief; and—most significantly—he required that Plaintiff pay the attorney's fees and costs associated with the actual deposition period. For this reason, and in light of this Court's deferential standard of review, the Magistrate Judge's order does not rise to the level of being "clearly erroneous or contrary to law." Although Defendants may have preferred a stricter limitation, namely, one that actually prevented a further deposition, they are not entitled to one as a matter of law. The Magistrate Judge's solution does satisfy the formal requirements of Rule

3

26(b)(2).

The Court recognizes that for Rule 26(b)(2) to have practical meaning, its provision that discovery "shall be limited" should do more than simply "limit" a plaintiff to asking such questions as he neglected to ask in his first deposition. Here, the Court is satisfied that the Order at issue does. By imposing a strict time limit upon the length of questioning and by assigning certain financial costs upon Plaintiff for imposing the burden of further discovery upon Defendants, the Order is not simply a toothless limitation. Regardless of whether it would be sufficient to discourage similar behavior in the future, the limitation does restrict the scope and manner of discovery in a meaningful way. In this sense, it falls within the discretion of the trial court to fashion such discovery orders and limitations as it deems appropriate in the circumstances.

None of the cases to which Defendants cite stands for the precise proposition that the application of Rule 26(b)(2)(ii) actually *prohibits* the allowance of a second deposition. *Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537 (4th Cir. 2004), and *Roberts v. State of Oklahoma*, 110 F.3d 74 (10th Cir. 1997) (unpublished), both merely ruled that it was not an abuse of discretion for the trial court to prohibit a second deposition based on the application of Rule 26(b)(2)(ii). Neither one, however, stands for the proposition that as a matter of law a trial court *must* prohibit a second deposition when the seeker has already ample opportunity for discovery. Rather, that question falls within the typical discretion of a trial court over matters of discovery. To be sure, courts granting a second deposition typically have recognized the presence of some significant interim development that warrants the grant of that deposition. *See, e.g., Dixon v. Certainteed Corp.*, 164 F.R.D. 685 (D. Kan. 1996) (allowing a second deposition because of deponent's

4

deficient initial disclosures); *Perry v. Kelly-Springfield Tire Co.*, 117 F.R.D. 425, 426 (newly added defendant could take deposition, but limited to areas not covered by the original deposition). Whatever their basis for granting a second deposition, however, these courts evidently were not burdened by the notion that a deposition *must* be prohibited merely because that it might fall into one of the Rule 26(b)(2) categories. Ultimately, of course, they did grant a second deposition notwithstanding a party's claim that the Rule 26(b)(2) categories applied. *See, e.g., Christy v. Penn Tpke. Comm.*, 160 F.R.D. 51, 53 (E.D. Penn. 1995) (allowing a limited deposition by a newly-added defendant *despite* plaintiff's claim that it would be cumulative pursuant to Rule 26(b)(2)(i)).

Courts consistently recognize the broad discretion of a judge under the Federal rules to fashion discovery orders that they deem appropriate under the circumstances. *See Yancey v. Houton*, 180 F.R.D. 203, 207 (D. Conn. 1998) ("The district court enjoys broad discretion when resolving discovery disputes, which should be exercised by determining the relevance of discovery requests, assessing their oppressiveness, and weighing these factors in deciding whether discovery should be compelled.") (citations and internal quotes omitted); *Thornton v. Mercantile Stores Co.*, 180 F.R.D. 437, 439 (M.D. Ala. 1998) (noting that "trial courts enjoy broad measure of discretion in managing pretrial affairs, including conduct of discovery" and that "decisions regarding the scope of discovery . . . are ordinarily left up to informed judgment of the [deciding] judge") (citations and internal quotes omitted). While this Court might have imposed a different limitation on Plaintiff's request for a second deposition than the Magistrate Judge—here, by prohibiting it outright—it cannot say that the Magistrate Judge's solution was clearly erroneous or contrary to law.

5

For this reason, Defendants' objections to the Magistrate Judge's Order granting a second deposition of Sheriff Harlan Lee Hart shall be overruled..

An appropriate Order shall issue.

ENTERED: _____
U.S. District Judge

8/4/05
Date