

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| EARL WASHINGTON, JR.,<br><br>　　　　　　　　　　　*Plaintiff,*<br><br>v.<br><br>KENNETH H. BURAKER, ET AL.,<br><br>　　　　　　　　　　　*Defendants.* | CIVIL ACTION No. 3:02-CV-00106<br><br><br>MEMORANDUM OPINION<br><br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff Earl Washington, Jr.'s Motion to reinstate the fabrication of evidence claim against Harlan Lee Hart, filed on November 15, 2005. For the following reasons, this motion is DENIED.

## PROCEDURAL HISTORY

Plaintiff moves to reinstate the fabrication of evidence claim against Harlan Lee Hart. On June 23, 2004, the Court granted Hart's motion for summary judgment based on qualified immunity and on July 28, 2004 denied Plaintiff's motion for reconsideration of this issue. The case was stayed on August 9, 2004 pending Defendant Curtis Wilmore's appeal of his denial of qualified immunity, and the Fourth Circuit ruled on this appeal on April 28, 2005. Washington then sought permission to depose Hart regarding elements of the fabrication of evidence claim against Wilmore. Magistrate Judge B. Waugh Crigler granted Washington's motion on June 20,

1

2005 over the objection of Hart, and this Court affirmed that the deposition could proceed on August 4, 2005. Based on admissions in the deposition, Washington now moves to reinstate the fabrication claim against Hart.

## DISCUSSION

In support of his motion, Plaintiff Earl Washington argues that in Hart's deposition, Hart admitted that he had claimed Washington had nonpublic information about the Williams murder. Specifically, Hart said that, although he does not specifically remember doing so, he would have reported Washington's possession of nonpublic information to the trial prosecutor. In his opening statement to the jury, the prosecutor Bennett stated that Washington knew details only the perpetrator would have known. Washington argues that this statement supports the inference that both Hart and Defendant Curtis Wilmore reported to Bennett that Washington had nonpublic information, and that Bennett relied on those reports. Hence, a juror could find that Hart, as well as Wilmore, fabricated evidence by feeding nonpublic facts to Washington and then misrepresenting that Washington had prior knowledge of this information.

Washington argues that reinstating the claim against Hart will not prejudice Hart, as six months remain before trial, and because Hart can benefit from the discovery already conducted, as well as Washington's responses to depositions, interrogatories, and requests for production. On the other hand, he argues, not reinstating the claim may prejudice Washington, because a jury could attribute less fault to Wilmore if Hart, the other officer who conducted the interrogation, were not a defendant. In addition, the court runs the risk of having to conduct an identical trial later with regard to Hart. Both Hart and Wilmore object to Washington's motion, arguing that reinstating the claim against Hart after more than a year will prejudice both him, Wilmore, and

2

the orderly conduct of the trial.

Washington moves to reinstate the fabrication of evidence claim under Federal Rule 60(b)(6), which is a catchall provision allowing the court to grant a reconsideration motion based on "any other reason justifying relief from the operation of the judgment." Motions made under Rule 60(b) may only be in response to final judgments. *Fayetteville Investors v. Commercial Builders*, 936 F.2d 1462, 1469 (4th Cir. 1991); *Amos v. Va. Employment Com'n*, 2005 WL 2010156 (W.D. Va. August 19, 2005). Where an order dismisses a claim against some defendants but the suit remains pending against a defendant, the order is not ordinarily final. *Baird v. Palmer*, 114 F.3d 39, 42 (4th Cir. 1997).[1] Here, the order Washington seeks to reconsider is plainly not a final judgment, and thus Rule 60(b) is inapposite.

It is not necessary to label a motion to reconsider an interlocutory order under a particular rule number, however. *Fayetteville Investors*, 936 F.2d at 1472; *Malagrida v. Holland*, 19 F.3d 1429, at *4 n.3 (4th Cir. 1994) (table). Further, an interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment. Fed. R. Civ. P. 54(b); *Fayetteville Investors*, 936 F.2d at 1469. The limitations of Rules 59 and 60 do not apply to the reconsideration of interlocutory orders, *id.*; rather, the power to review an interlocutory order is committed to the discretion of the district court. *American Canoe Ass'n v. Murphy Farms*, 326 F.3d 505, 515 (4th Cir. 2003); *Fayetteville Investors*, 936 F.2d at 1473 ("Interlocutory orders and judgments . . . are left within the plenary power of the Court that rendered them to afford such

---

[1] Rule 54(b), however, provides that an order may be treated as final and subjected to appeal if the district court expressly directs entry of judgment on it and expressly determines there is no just reason for delay. This exception is inapplicable here, as the Court actually denied Washington's motion for entry of judgment under Rule 54(b).

3

relief from them as justice requires."). The law of the case, as created by earlier decisions of the court, may guide that discretion, but it does not and cannot limit the power of the court to reconsider an earlier ruling. *Id.* A motion to reconsider may also be appropriate where the Court has misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error of apprehension. A controlling or significant change in the law or the facts also provides a potential basis for a motion for reconsideration. *Above the Belt, Inc. v. Mel Bohannan Roofing*, 99 F.R.D. 99 (E.D. Va. 1983).

Here, an examination of the evidence Washington offers indicates that justice will not be served by reinstating the claim against Hart. Washington's argument for reinstatement rests on statements Hart made throughout the course of his second deposition. These statements, Washington argues, would allow a reasonable juror to find that Hart as well as Wilmore fed Washington nonpublic information about the murder, then told the prosecuting attorney that Washington had such information. Hart's statements do reveal that he believed or may have believed that Washington knew information about the murder scene not available to the general public, Ex. 1 to Pl.'s Mot. at 75:5-10, 92:21-93:13, 93:20-95:12; that he believed that this information was important, *id.* at 74:20-22, 75:11-15, 95:22-97:19; and that he would have discussed Washington's statement, including this information, with the prosecutor, *id.* at 76:9-77:6, 79:18-21, 88:17-92:20. In arguing that these statements require the reinstatement of Washington's claim against Hart, Washington relies on a sentence in this Court's Memorandum Opinion of June 23, 2004: "If the interrogating officers deliberately represented that Washington had independent knowledge of nonpublic information about the Williams murder, that representation would constitute the fabrication of evidence." This sentence is taken out of its

4

greater context in the opinion, however, and the statements in Hart's second deposition alone are not sufficient to reinstate the claim against Hart.

In its Order of June 23, 2004, this Court stated, "The fabrication claim is based on a deliberate constitutional violation, and the introduction of evidence showing that the interrogating officers knew Washington had not volunteered non-public information, but represented that Washington had, in fact, volunteered non-public information, will be sufficient for Washington's fabrication claim to survive summary judgment." The Court found that sufficient evidence existed as to Curtis Wilmore. Wilmore's police report documenting Washington's interrogation and confession states that Washington possessed pertinent nonpublic information. Wilmore also testified at Washington's trial regarding Washington's confession, and indeed, the record shows that Wilmore was later concerned that his testimony at Washington's trial may not have accurately reflected the course of the interrogation. This Court found in its June 23, 2004 Memorandum Opinion that the police report in conjunction with Wilmore's direct testimony constituted sufficient evidence to create an issue of material fact on the fabrication claim against Wilmore.[2] On this basis, this Court ruled that the fabrication of evidence claim against Wilmore survived summary judgment.

In contrast, the Court noted that the claim against Hart had a weaker evidentiary basis. His testimony at Washington's trial offered no evidence of fabrication, and no evidence then suggested that Hart deliberately represented that Washington had nonpublic information. Although Hart's second deposition does offer Washington slightly more than did his first, it still

---

[2]The Fourth Circuit later held that Wilmore could not be held liable for his testimony at trial. *Washington v. Wilmore*, 407 F.3d 274, 283 (4th Cir. 2005) (citing *Briscoe v. LaHue*, 460 U.S. 325, 345-46 (1983)).

5

fails to provide sufficient evidence to create an issue of material fact as to Hart.

To begin with, the evidence against Hart which the plaintiff now presents does not differ significantly from the evidence that the plaintiff earlier offered. In Hart's first deposition, he stated that he believed Washington had nonpublic information about the crime, and that he believed this information was important and probative. *See* Ex. 33 to Pl.'s Br. in Opp'n, filed March 8, 2004. Hart also stated that he attended "many meetings" with John Bennett, the trial prosecutor. *Id.* The only information that Hart's second deposition has added, then, is Hart's statement that he would have discussed Washington's statement with the prosecutor, although he does not specifically remember doing so. And even this could be reasonably surmised from Hart's earlier testimony regarding his meetings with Bennett in the context of the Washington investigation. Hence, the new evidence that Washington offers is no great improvement over the evidence the Court has already considered and rejected..

Further, the simple fact that Hart would have discussed Washington's statement with Bennett is not enough to impose liability for fabrication of evidence. Given that Washington offers no evidence as to the contents of Hart's discussions with Bennett, no evidence that Hart specifically discussed Washington's possession of nonpublic information, no evidence that Bennett relied on Hart's statements, and no evidence that Hart made a deliberate decision to pass on evidence he knew to be fabricated, Washington's claim against Hart rests only on speculation. On Wilmore's appeal, the Fourth Circuit noted that the case against Wilmore now proceeds only on the ground that he fabricated evidence through his statement in the police report that Washington gave pertinent, nonpublic information about the crime. *Washington v. Wilmore*, 407 F.3d 274, 284 (4th Cir. 2005) (Shedd, J., concurring). Hart has made no such statement, and the

6

Case 3:02-cv-00106-NKM-BWC   Document 490   Filed 12/21/05   Page 6 of 7   Pageid#: 2967

admissions in his deposition are simply too vague and speculative to serve as the basis of a claim against him.

As noted above, the decision to reconsider interlocutory orders is within the court's discretion. Here, while the arguments for reinstating the charges against Hart are weak, the arguments against reinstatement are strong. This case is now more than three years old and is finally approaching trial. Reinstating the claim against Hart at this late date would prejudice Wilmore, who has prepared his case for the last seventeen months with the expectation that he will be the only defendant. It will also impose severe difficulties on Hart, who has not been a party for more than a year. It will delay the resolution of the case still further by likely prompting another appeal on qualified immunity grounds to the Fourth Circuit. Further, the "new" evidence offered by Washington was available when he took his first deposition of Hart; he simply did not elicit it until now. Given these factors and the general lack of merit in the plaintiff's argument for reinstatement, the Court DENIES Washington's Motion.

An appropriate order shall issue this day.

ENTERED: *[signature]*
U.S. District Judge

December 21, 2005
Date