CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA.
FILED
AUG 23 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| EARL WASHINGTON, JR., <br><br> *Plaintiff,* <br><br> v. <br><br> CURTIS TODD WILMORE, in his capacity as personal representative of the Estate of CURTIS REESE WILMORE, <br><br> *Defendant.* | CIVIL ACTION NO. 3:02-CV-00106 <br><br><br> ORDER AND OPINION <br><br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion to Conform the Verdict to Plaintiff's Ad Damnum Clause, filed on May 12, 2006. This issue has been exhaustively briefed by the parties; Wilmore argues that entry of an order baring Washington from recovering any monies from the Estate of Curtis Reese Wilmore is appropriate in light of Plaintiff's representations in his Amended Complaint and in communications with Defendant. Paragraph 20 of the Amended Complaint states:

> If any named defendant is hereinafter determined to be deceased, plaintiff does not anticipate recovery of damages from the estates of any deceased defendant or his beneficiaries, except to the extent that this may be forthcoming from insurance, self insurance or the Virginia Division of Risk Management. Such defendants, if deceased, have been named in an abundance of caution, solely to ensure that the necessary parties be before the court so that the case may proceed without delay or prejudice to any of the other defendants.

1

(Amended Complaint ¶ 20.) Based on this representation, as well as statements made by defense counsel to Plaintiff's counsel before trial, Defendant argues that the Court should enter an order restricting Washington's recovery to that available from third-party sources.

Washington, in turn, argues that the order sought by Defendant exceeds the scope of the statement in the amended complaint and that such an order would foreclose any possible recovery, given that Defendant has suggested that this claim is not covered by insurance. Washington also argues that while the plain language of the Amended Complaint refers to damages, it makes no reference to attorneys fees and costs, which a prevailing plaintiff may recover under Section 1983.

Liability on the merits and responsibility for fees go hand in hand. *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (noting that where a defendant has not been prevailed against, the statute does not authorize fee awards against him). Here, the statement in the Amended Complaint specifically mentions only damages. It is understood, however, that a prevailing plaintiff may recover reasonable attorneys fees in a Section 1983 suit, and it was clear even at the time the Amended Complaint was filed that such attorneys fees would be significant in this case. Given the close relationship between liability and attorneys fees in Section 1983 cases, it makes little sense to treat one entity as responsible for paying damages and another as responsible for paying fees and costs. The Court therefore construes this statement to refer to attorneys fees and costs as well.

Further, Paragraph 20 of the Amended Complaint is clearly not an isolated or unconsidered statement. It was part of Plaintiff's original Complaint, and included in Plaintiff's proposed Second Amended Complaint. Further, Plaintiff submitted a proposed stipulation to the

Attorney General's office stating that Plaintiff "commits to restricting the recovery of moneys on any such execution [of judgment against a decedent's estate] to third party benefits." (Ex. 2, Pl.'s Response in Op., June 16, 2006.). In an email to defense counsel, Plaintiff's attorney also stated, "We have no plans nor have we ever had plans to go after the Wilmore estate." (Ex. A, Pl.'s Reply in Response, June 13, 2006). Hence, Plaintiff's position was clearly a considered one, and it is reasonable to hold him to his representations in the pleadings.

In light of Plaintiff's statements in Paragraph 20 of the Amended Complaint and in communications to defense counsel, the Court hereby ORDERS that when judgment in favor of Plaintiff is entered in this case, Plaintiff may not recover from the Estate of Curtis Reese Wilmore except to the extent that recovery may be forthcoming from insurance, self insurance, the Virginia Division of Risk Management, or other third-party sources. Nothing in this Order shall be construed as a release of the Estate of Curtis Reese Wilmore so as to absolve said Estate from a judgment against it, nor shall it be construed to limit any process required for Plaintiff to proceed against Defendant to the extent necessary to invoke or collect under any insurance or other third-party coverage.

It is so ORDERED.

The Clerk is hereby directed to send a copy of this Order to all counsel of record.

ENTERED: _/s/ Norman K. Moon_
U.S. District Judge

_August 23, 2006_
Date

3

Case 3:02-cv-00106-NKM-BWC Document 712 Filed 08/23/06 Page 3 of 3 Pageid#: 5471